NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAHESH PARSRAM LAKHANI, | No. 18-70838 |
| Petitioner, | Agency No. A098-957-745 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2020[**]
San Francisco, California

Before: MILLER and HUNSAKER, Circuit Judges, and SCHILTZ,[***] District
Judge.

Mahesh Lakhani, a native and citizen of India, seeks review of a Board of

Immigration Appeals order dismissing his appeal from an immigration judge's

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Patrick J. Schiltz, United States District Judge for the
District of Minnesota, sitting by designation.

decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

1.    We lack jurisdiction to review the Board's determination that the immigration judge properly declined to consider Lakhani's asylum application because he filed it more than two years after arriving in the United States and did not establish extraordinary circumstances justifying the untimely filing. We do not "have jurisdiction to review any determination of the Attorney General" regarding whether "extraordinary circumstances [exist] relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(D), (a)(3); *see id.* § 1252(a)(2)(B)(ii).

Lakhani notes that we have jurisdiction to review questions of law, including "application of law to undisputed facts." *Ramadan v. Gonzales*, 479 F.3d 646, 648 (9th Cir. 2007) (per curiam). But we have no jurisdiction to resolve mixed questions of law and fact when the underlying facts are disputed, *see Gasparyan v. Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013), and here, they are. Lakhani asserts that his post-traumatic stress disorder (PTSD) and his reliance on incorrect legal advice "prevented him from timely filing his application for asylum." But the Board rejected Lakhani's argument based on PTSD, upholding the immigration judge's findings that Lakhani's "claim[] that he suffered from [PTSD] . . . [was] not credible," and that his PTSD "did not impair or affect [his] cognitive abilities

2

and/or functioning in other significant ways." And although the Board did not expressly address the claim of reliance on faulty legal advice, the facts relating to that claim were disputed: Lakhani's own testimony shows that the delay in filing occurred because he "did not know anything about asylum," and that he did not seek the advice of an immigration attorney because he "didn't have that kind of money to spend."

2.    Nor did the Board violate Lakhani's due process rights by declining to address his application for asylum on the merits after we granted an earlier petition for review and remanded to the Board. While the general scope of our remand order permitted the Board to decide "anything not foreclosed by the [court's] mandate," *United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000) (citation omitted), the Board was not *required* to reconsider Lakhani's asylum claim. It was free to uphold its earlier determination that Lakhani's application for asylum was properly denied as untimely.

3.    The Board denied withholding of removal after upholding the immigration judge's adverse-credibility finding on the basis of Lakhani's inconsistent and implausible testimony. Substantial evidence supports the Board's conclusion.

For example, Lakhani testified in 2009 that when he filed a police report after being attacked by Hindu fundamentalists for being "married to a Christian

woman," Indian officers refused to investigate his case, telling Lakhani that he "should have been beaten up more." But when Lakhani testified in 2015, he did not mention the officers' discriminatory motives and instead testified that they turned him away because he could not identify his attackers by name.

In addition, the agency found that Lakhani's prioritization of business and educational opportunities while in the United States—before inquiring about asylum—undermined the plausibility of his allegations that he endured persecution in India. *See Loho v. Mukasey*, 531 F.3d 1016, 1018–19 (9th Cir. 2008). That Lakhani voluntarily returned to India before his initial visa expired further undermined his allegations of persecution. *Id*. Lakhani testified that he returned to India "[b]ecause [he] thought that . . . things might have died down" during the three months he was in the United States. But we cannot say, considering the totality of the circumstances, that "any reasonable adjudicator would be compelled to conclude" that Lakhani's allegations of past persecution or fear of future persecution were credible. 8 U.S.C. § 1252(b)(4)(B); *see id.* § 1231(b)(3)(C).

Apart from his own testimony, Lakhani did not present any evidence corroborating his allegations of persecution despite being afforded the "opportunity to either provide that corroboration or explain why he cannot do so." *Ren v. Holder*, 648 F.3d 1079, 1091–92 (9th Cir. 2011); *see* 8 U.S.C. § 1231(b)(3)(C) (incorporating the corroboration requirements of 8 U.S.C. § 1158(b)(1)(B)(ii)).

4

Lakhani testified that he attempted to obtain letters from family members—as well as police reports and hospital records—to corroborate his testimony. But despite the passage of several years, each attempt proved unsuccessful, and Lakhani did not adequately explain why.

4. Substantial evidence also supports the agency's determination that Lakhani did not establish that it is more likely than not that, if returned to India, he will be tortured by or with the acquiescence of the Indian government. 8 C.F.R. §§ 1208.16(c)(2)–(3), 1208.18(a)(1). Lakhani's claim "is based on the same statements he made regarding his claim[] for . . . withholding of removal," *Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015), so the Board properly rejected it.

**PETITION DENIED**.